NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

HINKY DINKY SUPER MARKETS,
Respondent.

No. 80–1327.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 11, 1980.

Decided Dec. 22, 1980.

Steven M. Fetter, N. L. R. B., Washington, D. C., for petitioner.

Verne Moore, Jr., Omaha, Neb., for respondent.

Before HEANEY, ROSS and McMILLIAN, Circuit Judges.

PER CURIAM.

The National Labor Relations Board (NLRB) has applied to this court for enforcement of a bargaining order which was issued following findings that Hinky Dinky Super Markets, Inc. (Hinky Dinky) had violated various sections of the National Labor Relations Act (the Act).

In December 1978, the Retail Clerks Union (the union) began to organize employees at the two Hinky Dinky stores in Columbus, Nebraska. By December 11, 1978, 47 of the stores' 78 employees had signed union authorization cards. On February 22, 1979, an election was held and the union lost the election.[1]

Both before and after the election the union filed charges with the NLRB which alleged that the actions of management personnel during the election violated the Act. The NLRB issued complaints based on these charges and a hearing was held before an Administrative Law Judge (ALJ).

The ALJ found that Hinky Dinky had violated section 8(a)(1) of the Act by 1) interrogating employees concerning their union feelings; 2) threatening employees with loss of hours, loss of wage increases and loss of jobs if the union won the election; 3) posting a notice forbidding discussion about the union; and 4) telling employees that dues would be withheld immediately following the election. Hinky Dinky does not challenge these findings.

The ALJ also found that Hinky Dinky had violated section 8(a)(3) and (1) of the Act by reducing the working hours of an employee and discharging the employee for his participation in union activity. Additionally Hinky Dinky was found to have violated section 8(a)(5) and (1) of the Act by refusing to recognize the union as the exclusive collective bargaining representative

---

1. The election tally was 33 votes for the union, 40 votes against the union, 1 void ballot and 2 challenged ballots.

of the employees, and a bargaining order was recommended.

By order dated February 19, 1980, the NLRB adopted the recommended order of the ALJ.

We have carefully studied the record, including the ALJ's findings, the briefs and the arguments of the parties to this action. We find that the Board's order adopting the ALJ's findings is supported by substantial evidence on the record as a whole, and accordingly affirm the NLRB's order pursuant to Rule 14 of the Rules of this court.